UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MARGARET E. SMITH and KAREN E. SMITH**                                      PLAINTIFFS

V.                                                    CIVIL ACTION NO.1:08CV683 LTS-RHW

**NATIONWIDE INSURANCE COMPANY**
**and PAULA M. CROSBY, Individually, and as agent of**
**NATIONWIDE INSURANCE COMPANY, ET AL.**                                      DEFENDANTS

## MEMORANDUM OPINION

The Court has before it Plaintiffs Margaret and Karen Smiths's (the Smiths) motion [6] to remand. Defendant Nationwide Insurance Company (Nationwide) removed this action on grounds of diversity of citizenship under 28 U.S.C. §1332. Nationwide's claim to the complete diversity of citizenship necessary to support the Court's subject matter jurisdiction is premised on its contention that the plaintiffs have not alleged a legitimate claim or valid cause of action against Defendant Paula M. Crosby (Crosby), a non-diverse defendant.

Crosby is the local agent who sold the Smiths their Nationwide homeowners policy. With respect to Crosby, Nationwide contends that there has been a misjoinder or a fraudulent joinder of Crosby in order to defeat this Court's subject matter jurisdiction. Having removed this action based on this contention, Nationwide bears the burden of proving it to be true. *B., Inc. v. Miller Brewing Co.*, 663 F.3d 545 (5th Cir.1981).

This burden of proof has been characterized as a heavy one because, in making the assessment whether joinder of non-diverse defendants is fraudulent or legitimate, I must assume all of the well-pleaded facts in the complaint to be true; I must grant the plaintiffs all reasonable favorable inferences; and I must resolve all doubtful issues of state law in favor of the party seeking remand. *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40 (5th Cir. 1992)*; Hart v. Bayer Corp.,* 199 F.3d 239 (5th Cir. 2000). The decision whether to dismiss the plaintiffs' claims against Crosby must be made under the standards of Rule 56, F.R.Civ.P., where, as here, the parties submit and the Court considers evidence outside the pleadings. Nationwide has submitted Crosby's affidavit [14-2] in response to the Smiths's motion to remand. The Smiths has submitted no affidavits or other evidentiary materials outside the pleadings in support of their motion. Under the Rule 56 F.R.Civ.P. standard, Nationwide must therefore show that there is no genuine issue of material fact and that Crosby is entitled to judgment as a matter of law on the Smiths's claims against her.

In their complaint, plaintiffs have blurred their factual allegations against the two defendants by attempting to make each defendant responsible for the acts of the other. (Complaint, Paragraphs 6 and 11) In the context of a motion to remand, where the propriety of removal hinges on a question of misjoinder or a fraudulent joinder of a local defendant, it is the separate cause (or causes) of action against the non-diverse defendant that the Court must focus upon. Unless the Smiths have stated sufficient facts to allege a valid or viable theory of recovery against Crosby, based on some individual actionable misconduct by Crosby, their claims against Crosby are subject to dismissal.

In substance this action is for breach of the Nationwide insurance contract. The plaintiffs are alleging that they are entitled to insurance benefits under several legal theories. The merits of some of the plaintiffs' legal theories have been finally adjudicated in other Katrina litigation. For example, the validity of the water damage exclusion in the Nationwide policy (Property Exclusion 1(b)) has been established. See *Leonard v. Nationwide,* 499 F.3d 419 (5th Cir. 2007). Because the water damage exclusion is clear and unambiguous, and because the plaintiffs are charged with knowledge of the terms of their policy, the plaintiffs' theories premised on Crosby's having an obligation to explain the terms of their policy to them cannot succeed.

The Smiths have not, in my opinion, alleged sufficient facts to state a cause of action against Crosby. The facts the Smiths have alleged, considered in the light most favorable to them, and allowing for all favorable inferences these allegations will reasonably support, are insufficient to state causes of action against Crosby for negligence, for negligent misrepresentation, or for any of the other causes of action framed by the lengthy complaint. For this reason, based on the facts set out below, and based upon the legal conclusions that flow from those facts, the Smiths's motion to remand will be denied and summary judgment in favor of Crosby will be entered.

Many of the allegations of the Smiths's complaint are stated in conclusory terms and are, ultimately, conclusions of law rather than allegations of fact. In deciding the merits of this motion I will accept the conclusory allegations of the complaint only where there are sufficient facts alleged on the face of the complaint to support an inference that the conclusions set out in the complaint are likely to be valid.

**Facts**

The Smiths are the name insureds under a homeowners policy issued by Nationwide. Crosby was the local Nationwide agent with whom the Smiths did business. Nationwide Policy Number 63 23 HO 003800 insures the Smiths's residence premises (3709 9th Street, Gulfport, Mississippi) and provides windstorm coverage (and other coverages) in accordance with its terms. The policy excludes coverage for damage done by flooding including storm surge flooding.

Following Hurricane Katrina, Nationwide refused the Smiths's claims under their policy on the grounds that the damage the Smiths's insured property sustained was caused by storm surge flooding (an excluded hazard) and not by hurricane winds (a covered hazard). The insured property was a total loss.

### The Smiths's Allegations Against Crosby

Almost all the allegations against Crosby are premised on the Smiths's view of the duty Crosby owed them while Crosby was acting as an insurance agent selling them their Nationwide homeowners policy. The scope of an individual's duty is a matter of law based on facts; the duty itself is not a question of fact. It is the Smiths's view that Crosby was under a duty to advise the Smiths concerning the type of coverage and the amount of coverage they should have purchased. Tellingly, the Complaint does not make any allegation that Crosby undertook to give this type of advice, and the Complaint contains no allegation that Crosby gave the plaintiffs any assurances or representations that were inconsistent with the terms of the Nationwide policy.

Paragraph 18 of the Complaint alleges: "Crosby, through his [sic] staff, represented to Plaintiffs that the policies purchased through his [sic] office would provide to Plaintiffs the full coverage they had requested." Paragraph 19 of the Complaint alleges: "In selling the Subject Policy to Plaintiffs and subsequently collecting premiums under the Subject Policy, Nationwide and its agent Paula M. Crosby, expressly represented to Plaintiffs that they would have full and comprehensive coverage for any and all hurricane damage, including all damage proximately, efficiently, and typically caused by hurricane wind and storm surge proximately caused by hurricanes." The problem with these allegations is that the type of coverage the Smiths assert, coverage for storm surge flooding, excluded by the terms of the Nationwide policy. Policy terms define the coverage of an insurance policy, whether that coverage is described as "Full coverage" or as "full and comprehensive coverage." The risks the policy covers are defined by the terms of the policy itself, not by inferences made by the insured or general representations concerning the scope of coverage made by the agent.

Paragraph 20 of the Complaint alleges: "The subject policy, through its rider entitled "Hurricane Coverage and Deductible Provision Endorsement," purported to provide full and comprehensive coverage for all loss or damage caused by the peril of windstorm during a hurricane." An examination of this endorsement discloses that it has a separate exclusion for storm surge flooding: "Hurricane coverage does not include loss caused by flooding, including but not limited to flooding resulting from high tides or storm surges."

Paragraph 21 of the Complaint asserts that the plaintiffs " . . . relied entirely on the Defendants' representation made as to the contract of insurance." Again, there is no allegation that Crosby made any representation that was inconsistent with the terms of the Nationwide policy. The reliance the plaintiffs assert is unreasonable as a matter

-3-

of law if the agent's representations were inconsistent with the written terms of the policy.  *See Leonard v. Nationwide,* 499 F.3d 419 (5th Cir. 2007).  This reliance is reasserted in similar terms in Paragraph 23 of the Complaint.  The rest of the factual allegations in Paragraphs 24 -29 of the Complaint concern Nationwide's handling of the plaintiffs' claim.  Crosby's affidavit (which is not contradicted by any of the allegations of the Complaint) establishes that Crosby did not participate in handling the plaintiffs' claim.

### The Plaintiffs' Theories of Recovery Against Crosby

The complaint alleges that Crosby "had a duty to the Plaintiffs in the following particulars:  procure for Plaintiffs insurance that covered their properties for damage caused by hurricanes; fully advise Plaintiffs on what contingencies their policies covered and what contingencies were not covered; fully advise Plaintiffs on additional insurance that they need to insure their property against damage caused by hurricanes." (Complaint, Paragraph 37)  As will be discussed more fully below, the duties alleged in Paragraph 37 of the Complaint do not arise in the context of the purchase of property insurance, an arm's length transaction, absent special and extraordinary circumstances.  Thus, under applicable Mississippi law, an insurance agent has no general duty to take the actions or give the advice set out in Paragraph 37 of the Complaint.

The Smiths also allege that Crosby breached her legal duties by certain omissions, e.g. by "failing to advise the Plaintiffs that the 'flood' exclusion in the Nationwide policy purchased by the Plaintiffs allegedly–according to Nationwide–would not cover the type of damage which naturally occurs during a hurricane such as the one that struck the Mississippi Gulf Coast on August 29, 2005." (Complaint, Paragraph 38); by "failing to advise the Plaintiffs that the purported Hurricane Deductible would not–contrary to its stated and implied direction–provide coverage in the event of a hurricane, according to Defendants' self-serving wrongful interpretation of ambiguous so-called 'flood' exclusions." (Complaint, Paragraph 39); and by "failing to recommend or procure for Plaintiffs' [sic] insurance that would provide full and comprehensive coverage for the property damage caused by Hurricane Katrina." (Complaint, Paragraph 40) The Smiths characterize some of these alleged omissions as fraudulent misrepresentations that "were purposely designed to deceive the Plaintiffs, leading the Plaintiffs to believe that the Defendants were obtaining and furnishing adequate insurance coverage for them at a fair price . . . ." (Complaint, Paragraph 67) (Count 7 of the Complaint) Again, the problem with these allegations is that they are premised on duties that do not ordinarily exist under Mississippi law, and there are no allegations that would take the relationship between the Smiths and Crosby outside the normal business relationship between an insurance agent and the purchaser of a policy.  The coverage set out in the policy governs the rights of the contracting parties, and the agent who sells the policy is under no legal duty to give any of the advice or to make any of the recommendations that form the basis of the plaintiffs' claims set out in Paragraphs 38, 39, and 40 of the Complaint.

In Count 8 of the Complaint (for NEGLIGENT MISREPRESENTATION AND/OR OMISSION), the Smiths allege that Crosby failed to tell them that the coverage they were purchasing "excluded a major component of a hurricane, to wit, 'storm surge'" (Complaint, Paragraph 74(a)), failed to advise them that "under the terms of the insurance contract the included hurricane coverage was illusory insofar as the excluded 'flood' peril rendered the hurricane coverage without any value or effect" (Complaint, Paragraph 74 (b)), and failed to advise them that "the insurance purportedly obtained on their behalf was wholly inadequate in the event that a hurricane, which necessarily includes both destructive and potentially destructive water or 'storm surge' forces, caused damage to the Plaintiffs property [sic]" (Complaint, Paragraph 74(c)). The Smiths repeatedly allege that Crosby (and Nationwide) engaged in "concealment" and made "deceptive and misleading statements and omissions of material facts." (Complaint, Paragraph 77 and 78) These "omissions" breach no duty Crosby owed the Smiths because the Smiths are charged with knowledge of the terms of the policy they purchased. The information concerning coverage the Smiths allege Crosby concealed or misrepresented is embedded in the terms of their Nationwide policy.

The Smiths also allege that Crosby (and Nationwide) owed them fiduciary duties under Mississippi law. Indeed, an entire count of the Complaint is premised on the existence of this duty. (COUNT 3: BREACH OF FIDUCIARY DUTY, Complaint Paragraphs 42 - 46) While the Smiths allege that "there existed a confidential and fiduciary relationship between Plaintiffs and Defendants" (Complaint, Paragraph 43), there are no factual allegations that would support a finding that such a relationship did in fact exist, and Crosby's affidavit clearly indicates that there were no special circumstances that would support a finding that the confidential relationship alleged in the Complaint actually existed. According to Crosby, one of the plaintiffs (Karen Smith) is a mortgage broker who has reason to be familiar with the types of coverages necessary to protect against the risk of windstorm and against the risk of flooding. The allegation that a fiduciary duty existed is conclusory. The existence of a fiduciary duty is a question of law arising from relevant facts, and the Complaint does not set out any facts on which such a relationship could be found between the plaintiffs and Crosby.

The Smiths allege that Crosby is responsible, along with Nationwide, for breach of the insurance contract (Count 4 of the Complaint), for bad faith refusal to pay policy benefits (Count 5 of the Complaint), and for negligent infliction of emotional distress and for intentional infliction of emotional distress. (Count 6 of the Complaint) Crosby is not a party to the insurance contract, and she cannot be liable for policy benefits. There are no allegations that would support an inference that Crosby did any thing other than sell the Smiths their Nationwide policy. There is no allegation that Crosby participated in any way in the coverage decisions after the loss, and Crosby's affidavit specifically denies that she participated in adjusting the plaintiffs' claim. (Crosby Affidavit [14-2], Paragraphs 9 and 10)

The Smiths assert that the Court should grant equitable relief against both the defendants. (Estoppel and Detrimental Reliance - Count 9) (Declaratory Relief - Count 11) (Declaratory Relief - Count 13) (Reformation of the Insurance Contract Based on Equitable Fraud - Count 15) (Specific Performance - Count 16) But there are no factual allegations to support the grant of this kind of relief against Crosby.

All of the allegations against Crosby set out above are stated in conclusory terms. There are no specific allegations that show Crosby made any representation concerning coverage that was inconsistent with the terms of the Nationwide policy. The Smiths do not allege that Crosby did anything other than sell them the coverage they requested, in the amount they requested, on terms set out in the policy itself. The allegations of the complaint constitute an attempt to shift the burden of making coverage decisions, i.e. decisions on what type of coverage to purchase and in what amount, onto the agent, Crosby, and away from the Smiths, who have sole authority to make these decisions. *See Campbell v. State Farm Fire and Cas. Co.,* 2008 WL 2389746 *(S.D.Miss. 2008).*

In *Leonard v. Nationwide,* 499 F.3d 419 (5th Cir. 2007), the Court recognized that under Mississippi law an insured is charged with knowledge of the terms of his insurance policy. Neither the insurer nor the insurer's local agent has a duty to explain the terms of the policy to the purchaser. Unless there are sufficient facts alleged to support the conclusion that there is an unusual relationship (a confidential relationship or a fiduciary relationship) between the local agent and the purchaser, there is no general duty of reasonable care (nor is there a fiduciary duty) that requires the agent to select or recommend particular types of coverage or particular amounts of coverage. While an agent may assume a duty of reasonable care by undertaking to make such recommendations, Mississippi law imposes no such general duties on the insurance agent. *Thomas v. State Farm Mut. Auto. Ins. Co.,* 796 F.Supp 231, 237 (S.D.Miss.1992).

Even this lengthy complaint, stating facts in a way that blurs the individual conduct alleged against Crosby and that alleged against Nationwide, contains no specific allegation of any misrepresentation or omission by Crosby that does not concern the terms of the Nationwide policy. Neither does the complaint allege any facts or circumstances to support the allegation that Crosby owed the Smiths a fiduciary duty.

In these circumstances, under the very liberal legal standard I must apply to this motion, I find that the Smiths have failed to allege a valid or viable cause of action against Crosby. Crosby is not liable for performance of the insurance contract, there is no allegation that Crosby participated in adjusting the Smiths's claim, and there is no allegation that Crosby undertook to advise the Smiths on matters of coverage. While the Smiths may have made incorrect inferences concerning their insurance coverage, Crosby is not responsible for those inferences if they are contradicted by the terms of the policy itself. *See Stephens v. Equitable Life Assur. Soc'y of the United States,* 850 So.2d 78, 82 (Miss. 2003)*; Cherry v. Anthony,* 501 So.2d 416 (Miss. 1987).

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care. *McKinnon v. Batte,* 485 So.2d 295 (Miss. 1986); *Lovett v. Bradford,* 676 So.2d 893 (Miss. 1996); *First United Bank of Poplarville v. Reid,* 612 So.2d 1131 (Miss. 1992). If a customer requests a particular type of coverage in a particular amount, the agent is obliged to exercise reasonable care to obtain the requested coverage. An insurance agent who undertakes to procure insurance for a customer and to give his advice concerning the coverages an insured should purchase in circumstances where the advice is reasonably relied upon by the prospective insured, the insurance agent may incur liability if the advice is the product of a failure on the part of the agent to exercise reasonable care or if the agent fails to use reasonable care to obtain the type of coverage the customer has requested. But if the insurance agent does in fact provide a policy that conforms to the request of his customer and goes no further, offering neither his opinion nor his advice on issues of coverage, he has met the duty of reasonable care imposed by Mississippi law. *See Atlas Roofing Mfg. Co. v. Robinson & Julienne*, 279 So.2d 625 (Miss. 1973)

Under applicable Mississippi law, in order to state a cause of action for negligent misrepresentation, the aggrieved party must prove, by a preponderance of the evidence:

1. That there was a misrepresentation (or omission) of a fact;
2. The misrepresentation (or omission) was material or significant;
3. The misrepresentation (or omission) was the product of negligence, i.e. that the person making the representation or omission failed to exercise reasonable care;
4. The person to whom the representation was made reasonably relied upon the representation (or omission); and
5. The person to whom the representation (or omission) was made suffered damages as a direct and proximate result of that reasonable reliance.

*Berkline v. Bank of Mississippi,* 453 So.2d 699 (Miss. 1984); *Spragins v. Sunburst Bank,* 605 So.2d 777 (Miss.1992). There is no allegation that Crosby made any representation that was inconsistent with the terms of the Nationwide policy.

Even granting the Smiths the benefit of the liberal legal standard I must apply, I do not believe that the Complaint states a valid or viable cause of action against Crosby. The question of the timeliness of the Complaint against Crosby is moot. Under the standard of Rule 56 F.R.Civ.P., there is no genuine issue of material fact and Crosby is entitled to judgment as a matter of law. Accordingly Crosby will be dismissed as a party defendant, and the motion to remand will be denied. An appropriate order and judgment of dismissal will be entered.

**DECIDED** this 18th day of March, 2009.

                                                  s/ L. T. Senter, Jr.
                                                  L. T. SENTER, JR.
                                                  SENIOR JUDGE